IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONWIDE LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Interpleader Plaintiff, | ) | |
| | ) | No. 25 C 5422 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| NENA NESSET, ANNA NESSET RIPLEY, and | ) | |
| JONATHAN NESSET, | ) | Magistrate Judge Maria Valdez |
| | ) | |
| Interpleader Defendants, | ) | |
| _____ | ) | |
| | ) | |
| NENA NESSET, | ) | |
| | ) | |
| Counter-Plaintiff and Cross-Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONWIDE LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Counter-Defendant | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ANNA NESSET RIPLEY and | ) | |
| JONATHAN NESSET, | ) | |
| | ) | |
| Cross-Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Nationwide Life Insurance Company brought this interpleader complaint to determine which of three siblings—Nena, Anna, and Jonathan—are entitled to the value of an annuity contract entered into by their late father, Rollo. On December 18, 2025, this court entered an order of default against Anna and Jonathan, cross-defendants. Anna and Jonathan move to vacate the entry of default under Fed. R. Civ. P. 55(c) (Doc. 39). For the reasons below, that

1

motion is granted.

Fed. R. Civ. P. 55(c) states that the court "may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." The Seventh Circuit has held that a party "seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." Cracco v. Vitran Exp., Inc., 559 F.3d 625, 630 (7th Cir. 2009) (internal quotations omitted). While this is the same three-part test that applies for motions seeking relief from default judgment under Rule 60(b), the test "is more liberally applied in the Rule 55(c) context." Id. at 632. In addition, the Seventh Circuit "has a well established policy favoring a trial on the merits over a default judgment." Sun v. Bd. of Trs. of Univ. of IL, 473 F.3d 799, 811 (7th Cir. 2007).

The court first addresses the last two parts of the test because they are more straightforward. Jonathan and Anna moved to vacate the default on January 16, 2026, four weeks after it was entered. Because the default was entered on December 18, 2025, this four-week timespan included the winter holidays. The court finds that in the more liberal Rule 55(c) context, four weeks spanning the winter holidays is sufficient to constitute quick action to correct the default.

Jonathan and Anna also easily satisfy the requirement of demonstrating "a meritorious defense to the complaint." In this interpleader action, it is not immediately clear which of three siblings—Nena, Anna, and Jonathan—are entitled to the value of the annuity contract at issue. That is, of course, why Nationwide filed the interpleader action in the first place. To determine whether a meritorious defense exists, the court need not analyze the minutiae of each evidentiary

2

proposition.  At a high level, the language of the annuity contract as written appears to entitle Anna and Jonathan to one-third shares of the remaining value of the contract.  That is sufficient to constitute a meritorious defense.  See Parker v. Scheck Mech. Corp., 772 F.3d 502, 505 (7th Cir. 2014) (explaining that "[w]hen we say the defendant must show a 'meritorious defense' to the lawsuit, we mean more than bare legal conclusions, but less than a definitive showing that the defense will prevail" (internal citation omitted)).  Anna and Jonathan need not make and win their entire case on the merits to vacate an entry of default under Rule 55(c) as Nena seems to suggest.  That would be putting the cart before the horse.

Lastly, the court addresses the "good cause" prong.  Anna and Jonathan argue that there was good cause for their default.  Both Jonathan and Anna participated in this matter at least as recently as September 18, 2025, when they filed a joint status report (Doc. 18).  According to Anna, she stopped participating in the case because Nena told Anna that she would drop the claims.  According to Jonathan, his involvement stopped because he consulted an attorney who incorrectly advised him that he was bound by a waiver he had signed earlier.  Jonathan claims that he recently learned, through consulting his current counsel, that the waiver he signed was procured through fraud.  In addition, Anna and Jonathan point to a string of case law that holds "Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error."  Escamilla v. United States, 62 F.4th 367, 372 (7th Cir. 2023) (quoting Sims v. EGA Prods. Inc., 475 F.3d 865, 868 (7th Cir. 2007)).  Under this reading of Rule 55(c), Anna and Jonathan argue, there is good cause to vacate the default because there is a genuine question on the merits to be resolved here.  Finally, Anna and Jonathan also point out that Nena will not be prejudiced by vacating the entry of default.

Nena argues that neither Anna nor Jonathan has demonstrated good cause for their

3

default.  Nena disputes the allegation that she represented to Anna that she would drop the claim against her.  In addition, Nena argues that pending settlement discussions are not an excuse for vacating the default.  As to Jonathan, Nena argues that his issues in retaining legal counsel do not constitute good cause for his default.

The court finds that Anna and Jonathan have demonstrated good cause for their default. Although the facts are disputed, Anna provides a good faith reason explaining her lapse in participation.  According to Anna, Nena (incorrectly) told her that the claim against her would be dropped.  Upon learning the claim against her was not dropped, Anna promptly engaged counsel and filed the motion to vacate.  Jonathan's non-participation, according to his account, is a product of a fraudulent misrepresentation by Nena's representative that induced him to sign a waiver.  This alleged fraudulent misrepresentation is not some unrelated, collateral issue. Rather, it is at the heart of the merits of the case.  The explanations that both Anna and Jonathan provide for their default relate to Nena's alleged conduct.  While these allegations are, of course, unproven at this point, the court finds that there is good cause to vacate the entry of default to determine the merits of the case.  If Anna and Jonathan's allegations are true, then denying their motion would reward Nena for her own wrongdoing, undermining a fundamental principle of equity.  See Liu v. Sec. & Exch. Comm'n, 591 U.S. 71, 79–80, (2020) (explaining that a "foundational principle" is that "it would be inequitable that a wrongdoer should make a profit out of his own wrong").

The Seventh Circuit has upheld two frameworks to analyze "good cause" in the Rule 55(c) context.  One utilizes the same test as Rule 60(b) "more liberally applied in the Rule 55(c) context."  Cracco, 559 F.3d at 631 (7th Cir. 2009).  This framework asks the defaulting defendants to offer an excuse for their default.  The other line of cases asks whether there is good

4

cause from a judicial standpoint to vacate the default and does not require an excuse for the defaulting defendants' lapses. See JMB Mfg., Inc. v. Child Craft, LLC, 799 F.3d 780, 792 (7th Cir. 2015) (stating that "[a]s we explained in *Sims,* an entry of default may be set aside for 'good cause,' which does not necessarily require a good excuse for the defendant's lapse"). Under either framework, the court concludes that there is good cause here. Anna and Jonathan's relatively short lapse is excusable due to the alleged efforts of Nena to induce their default. And in addition to the equity point explained above, the court finds there is good cause from a judicial standpoint to decide this case on the merits in order to vindicate the purpose of an interpleader action and settle the matter for Nationwide.

Anna and Jonathan have shown good cause for the default, quick action to correct it, and a meritorious defense to the complaint. Consequently, the court grants the motion to vacate the entry of default (Doc. 39).

**CONCLUSION**

For the above reasons, the court grants the motion to vacate the entry of default (Doc. 39). Cross-defendants Anna Nesset Ripley and Jonathan Nesset are directed to answer the complaint (Doc. 1) and the counter/cross complaint (Doc. 25) by April 28, 2026. The parties are directed to file a joint status report using this court's form by May 4, 2026.

**ENTER:**

Robert W. Gettleman
**Robert W. Gettleman**
**United States District Judge**

**DATE: April 8, 2026**

6